■ NRT NEW YORK, INC., Doing Business as THE CORCORAN GROUP, Respondent, v B&G HAMPTONS PROPERTIES LLC et al., Appellants, and ANDREA KRINGSTEIN et al., Respondents. [878 NYS2d 66]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 19, 2008, that to the extent appealed from, as limited by the briefs, in this action to recover a real estate broker's commission, granted plaintiff's motion for summary judgment on its first cause of action for breach of contract against defendant B&G Hampton Properties LLC (B&G) and awarded plaintiff the principal amount of $387,500 plus interest, and denied the cross motion of defendants B&G, Anne Borsch and James Griffo for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment on the first cause of action, and otherwise affirmed, without costs.

This case involves a dispute over the amount of plaintiff real estate broker, NRT New York, Inc. doing business as the Corcoran Group's (CG) commission for the sale of property in

the Hamptons. Plaintiff and defendant B&G, the owner of the subject property, had agreed to a modified exclusive brokerage agreement with the following fee structure: "The commission will be five (5%) of the actual selling price. The commission will be earned when a ready, willing and able buyer is procured, and [B&G] ha[s] agreed to the price and terms. The commission will be due upon title closing as follows: (a) if the property is sold by CG, 100% of the commission shall be distributed to CG; (b) if the property is sold by an agency with whom CG has a co-broke agreement, the commission shall be distributed 50% to the selling broker and 50% to CG; (c) if the property is sold by an agency with whom CG does not have a co-broke agreement, a commission of five (5%) shall be due and payable to CG upon demand. If [B&G] should sell the property through [its] sole efforts a one (1%) commission shall be due and payable to [CG] upon demand."

There is no dispute that CG is due some commission. The dispute lies over how much. CG argues that it is entitled to a 5% commission because B&G did not sell the property due to B&G's sole efforts, but rather its builder introduced the buyers to B&G. B&G contends that its builder was its business partner and therefore B&G sold the property through its "sole efforts" that would merit only a 1% commission to CG. To complicate matters further, there is evidence in the record that CG was the first to provide the buyers with information about the property.

The court improperly granted plaintiff's motion for summary judgment because the parties' agreement as to whether B&G sold the property through its "sole efforts" is ambiguous as applied here (see Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 144 [2008]). It is unclear whether the parties intended for the term "sole efforts" to embrace the situation where B&G sold the property, not through another broker, but with the assistance of a nonbroker, who B&G alleges was its business partner.

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Moskowitz and Acosta, JJ.